CLINTON GILBERT, Respondent, *v.* HARRY B. ROSEN, Appellant.

Contract — sale — action to recover on alleged contract of sale of stocks — appeal — erroneous reversal and direction of judgment by Appellate Division — when judgment entered upon verdict of jury should be reinstated.

Upon examination of the record in an action to recover upon an alleged contract whereby defendant sold to plaintiff and the latter purchased from defendant certain shares of stock, *held*, that the facts developed upon the trial would justify a jury in finding a verdict as it reported in favor of defendant; that the uncontradicted facts disclosed therein would not warrant the trial justice in directing a verdict in favor of plaintiff and his refusal so to do was not error; that the uncontradicted facts did not warrant the Appellate Division in directing a verdict for plaintiff and, in the absence of material error of law in the admission or rejection of evidence or in the charge of the trial justice to which proper exceptions were noted, the judgment of the Appellate Division should be reversed and the judgment entered upon the verdict of the jury reinstated.

*Gilbert* v. *Rosen,* 191 App. Div. 87, reversed.

(Argued November 30, 1921; decided January 10, 1922.)

APPEAL from a judgment, entered April 12, 1920, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of defendant entered upon a verdict and directing judgment in favor of plaintiff.

*William H. Chorash* for appellant.

*A. Leo Everett* and *W. Montague Geer, Jr.,* for respondent.

HOGAN, J. The complaint in this action alleges that on or about January 29, 1919, plaintiff and defendant entered into an agreement whereby it was mutually agreed between them that defendant then sold to plaintiff and the latter purchased from defendant two hundred shares of the capital stock of the Merchants National Bank and defendant agreed to deliver the stock the following day when plaintiff would accept the same and pay therefor the sum of twenty-eight thousand dollars, performance by plaintiff and refusal to perform by defendant.

The answer of defendant was a general denial followed by a separate and distinct defense, viz.: That defendant acted on behalf of one Schenck who owned two hundred shares of stock of the named bank, which fact was known to plaintiff, and on or about January 29, 1919, Schenck, pursuant to the arrangements made between plaintiff and defendant, delivered the two hundred shares of stock to plaintiff and received therefor $28,196.

.At the close of the evidence, counsel for plaintiff, addressing the court, stated: " I think on Mr. Schenck's testimony I will ask for the direction of a verdict." Counsel for defendant thereupon made a motion for the direction of a verdict for defendant. Both motions were denied and counsel for the respective parties noted an exception.

The case was submitted by the trial justice to the jury in a charge to which we shall hereinafter refer. The jury returned a verdict for defendant. The Appellate Division reversed and directed a verdict in favor of plaintiff. In view of the direction of a verdict for plaintiff, we must needs refer to the material facts developed upon the trial, in so far as such review will aid in a determination as to whether or not upon any view of the same the jury was entitled to find a verdict for defendant or whether on uncontradicted facts the Appellate Division was warranted in directing a verdict for plaintiff.

On January 27, 1919, plaintiff addressed letters to defendant and to one Joseph M. Schenck stating: " We are interested in purchasing some Merchants National Bank at 140. If interested please advise." On January 28th a conversation over the telephone concededly took place between the plaintiff and defendant. The parties are in agreement only as to one part of such conversation. Plaintiff's evidence is to the effect that defendant asked him: " How much of the stock do you want at 140? " to which plaintiff replied: " I will take 100 shares to start with," whereupon defendant stated: " All right, I have sold you 100 shares at 140." Plaintiff then said: " If there is any more stock I will be glad to put it up to my customers," to which defendant replied: " There is 400 shares more," and that he, plaintiff, asked defendant for an option on the same which defendant gave to him " good today." Later, the same day, plaintiff offered testimony that, having notified his customer that he had 400 additional shares of stock, he called back defendant on the phone to confirm it, to which defendant replied: " I have got to confirm this with my friends — I got two friends into this stock and they own two hundred shares each and I have to talk with them, I will have to talk to my principal." After the conversation and upon the same day plaintiff sent to defendant the following communication: " This confirms purchase from you today of

100 shares Merchants National Bank at $140 per share. In regard to the 400 shares on which you gave me an option at the same price and which we told you we would take, would say as we have sold this stock we would ask you to deliver same tomorrow."

The plaintiff purchased from defendant and the latter delivered to plaintiff one hundred shares of stock on January 28th, and was paid therefor, and that such purchase and sale was made orally over the telephone is conceded. As to the 400 shares of stock the parties are in disagreement.

The defendant testified that after he had delivered the 100 shares of stock, " plaintiff called me up and he asked me to obtain for him 400 more shares, which I sold to Mr. Schenck 200, and to Mr. Zucker 200, that he could use the stock. I told him that as a favor to him I would ask Mr. Schenck if he wanted to sell his stock at the same price that I did."

Mr. Schenck testified that on the evening of January 28th the defendant was at his, Schenck's, house, and he then authorized defendant to sell his stock for him at 140 or better if he could get a better price. That on the following day about half past twelve a representative of plaintiff's office called him on the telephone, " his name sounded like ' Harden ' and told me that he wanted to purchase Merchants National that I had, and I said I would sell it. He asked me how much I wanted, I said ' $145 a share.' He said he could not give it to me and asked: ' Isn't this the stock that Rosen was going to. deliver to me at 140? ' I answered ' Yes, I told Harry Rosen yesterday to deliver ·this stock at 140 but I did not hear from him before noon so I will sell it. myself now providing I get a better figure than 140,' and we finally settled on 141 and I sold it."

On the same day Mr. Schenck deposited 200 shares of stock in the Commercial Exchange Bank. Plaintiff immediately secured the same at the bank by payment

therefor at 141. The avails of the same were credited to the account of Mr. Schenck.

Defendant further testified that on the day following the interview at Mr. Schenck's house (which was as fixed by the evidence of Mr. Schenck on the night of the 28th of January) when Mr. Schenck authorized him to sell his stock, he called plaintiff on the telephone and told him that he would deliver to him Mr. Schenck's stock at $140 a share "as Mr. Schenck has authorized me to do." That Mr. Zucker was in California and he was unable to see him, and he thereupon addressed a letter to plaintiff: "This is in confirmation of our telephone conversation today when I sold you two hundred shares of Merchants National Bank stock at $140. I will deliver the stock to you tomorrow." He testified that later he was informed by Mr. Schenck that he, Schenck, had sent down the stock that he authorized defendant to sell personally to plaintiff and "I then called plaintiff and told him, you got your stock, this is the stock that I was supposed to deliver to you and Mr. Schenck told me that he would deliver it to you himself."

In reply to the letter of defendant to plaintiff above quoted that defendant had sold plaintiff 200 shares, the plaintiff wrote defendant: "This confirms purchase from you today 200 shares Merchants National Bank at 140."

The Appellate Division held that the two communications quoted formed a valid binding contract in writing; that defendant was erroneously permitted over the objection and exception of plaintiff's attorney to adduce evidence tending to show that the 200 shares of stock was the stock of Mr. Schenck and that the defendant was attempting to get this stock as a favor to him; that no competent evidence to excuse defendant's default was admitted.

In the absence of material error of law in the admission or rejection of evidence or in the charge of the trial justice to which proper exceptions were noted, we are of

opinion that upon the facts as narrated a jury would be justified, assuming it accredited the evidence on behalf of defendant, in finding that the defendant simply agreed to try and secure the shares of stock held by Mr. Schenck as a favor to plaintiff; that on the night of January 28th, Mr. Schenck authorized defendant to sell the same at 140, but on the following day plaintiff purchased the stock of Mr. Schenck with full knowledge that it was the same stock defendant was to endeavor to secure and which he had been authorized the previous night to sell, and thereby obtained the identical shares of stock which the parties understood were if possible to be obtained for plaintiff and that the only agreement made by plaintiff had been fulfilled; that defendant when he wrote plaintiff confirming a sale of 200 shares had no knowledge that plaintiff had purchased the stock of Mr. Schenck and that plaintiff by reason of the facts and circumstances could not demand of defendant two hundred additional shares of stock.

The answer of defendant alleged that in the transaction between the parties the defendant acted only for a disclosed principal.

The trial justice submitted to the jury one question aside from the question of damages, whether or not defendant in his dealing with plaintiff acted in his individual capacity or for another and communicated to plaintiff that he (defendant) was not the owner of the stock but that the same was held by friends whose identity had in the first instance been disclosed by him; that any statement made by defendant as to the ownership of the stock must have been communicated to plaintiff prior to or at the time defendant signed the letter agreeing to deliver the stock.

We shall next ascertain whether or not incompetent evidence was admitted over proper objection and exception by counsel for plaintiff. The record does not disclose an objection by plaintiff to a question put to

defendant by his counsel and but one objection to, a question asked of Mr. Schenck, the only other witness for defendant, to which no exception was noted.

The only objections made to admission of evidence to which exceptions were noted were the following:

On cross-examination of plaintiff he was inquired of as to his acquaintance with Mr. Schenck and testified he first knew him when he received a letter from him and called him on the telephone. He was asked to show the letter to counsel, the letter was produced and offered in evidence by defendant. Objection was made as not within the issues, incompetent, immaterial and irrelevant, a transaction with another party having no reference to this and on the ground that the purpose is fully disclosed in the answer and is not a good defense. Upon statement of counsel for defendant to connect it in some way the objection was overruled and an exception taken. The letter is one signed by Mr. Schenck addressed to plaintiff as follows, " I have two hundred shares Merchants National Bank at 145. If interested, advise me at once." Later the reply of plaintiff to that letter reading: " This confirms purchase from you today 200 shares Merchants National Bank at 141," was offered and received in evidence over like objection and exception, the court holding it proper as bearing on the question of a disclosed principal.

The foregoing embraces the exceptions by plaintiff to the rulings of the court in the reception of evidence. The remaining evidence adduced by defendant upon the trial was admitted by the tacit consent of plaintiff and he is not in a position to question the competency of the same in the absence of proper exceptions duly taken upon the trial.

Counsel for plaintiff requested the court to charge " that if the jury finds that Schenck's stock was delivered at the price of 141, it cannot be deemed a delivery in accordance with the contract to sell at 140."

The Court: " No, I will not charge in the language requested, but if you determine, gentlemen, that it was intended that the delivery by Schenck at 141 was the stock that the defendant had agreed to deliver to the plaintiff, then the defendant is entitled to a verdict." The charge quoted is criticized in the opinion of the Appellate Division. Counsel for plaintiff upon the trial made no criticism of the charge then made. No exception to the refusal to charge as requested or to the charge made was noted. The foregoing is the only portion of the charge referred to in the opinion of the Appellate Division, and was there mentioned solely in support of the views entertained by that court rather than an error of law presented by an exception.

Counsel for plaintiff in his brief refers to various parts of the charge to which no exception was taken, save the following: Counsel for defendant requested the court to charge the jury " that if they believe the testimony of Mr. Schenck that at the time he first spoke to the representative of the plaintiff, that he asked him the question whether or not this was the same stock as Rosen spoke about, that then plaintiff had knowledge that it was the same stock and the defendant is entitled to a verdict." The Court: " I charge that," to which counsel for plaintiff noted an exception. In view of what has been said in the earlier part of the opinion relating to the subject above quoted we do not find error in the charge as made.

At the request of plaintiff the trial justice declined to charge " That if defendant entered into a written contract with the plaintiff for the stock in question in his own name which does not show upon its face that he was acting as the agent of another, he became personally bound and cannot impeach the contract by parol testimony." The trial justice declined to charge as requested, to which refusal counsel took exception.

The trial justice had fully instructed the jury upon the

law applicable to the case in so far as the rule is applicable to a disclosed and undisclosed principal, to which exception had not been noted. We find no error in the refusal to charge as requested.

Upon the record in the instant case our conclusion is that the facts developed upon the trial would justify a jury in finding a verdict as it reported in favor of defendant; that the uncontradicted facts disclosed therein would not warrant the trial justice in directing a verdict in favor of plaintiff and his refusal so to do was not error; that the uncontradicted facts did not warrant the Appellate Division in directing a verdict for plaintiff.

The judgment of the Appellate Division should be reversed and the judgment entered upon the verdict of the jury reinstated, with costs in this court and the Appellate Division.

HISCOCK, Ch. J., CARDOZO, CRANE and ANDREWS, JJ., concur; POUND, J., absent; McLAUGHLIN, J., not voting.

Judgment reversed, etc.